Dear District Attorney Singleterry,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Does a county have the power to offer county employees a"cafeteria plan" within the meaning of section 125 of the UnitedStates Internal Revenue Code?
¶ 1 A "cafeteria plan" is an employer-sponsored benefit package that offers employees a choice among two or more benefits consisting of cash and qualified benefits. See 26 U.S.C.A. 125; 47A C.J.S. Internal Revenue 275; and 37 v. Fla. L. Rev. 615 (1985). If the employee chooses cash or taxable benefits, they are included in the employee's gross income for tax purposes; if non-taxable benefits are chosen, they may be excluded from the employee's gross income to the extent allowed by law. Ibid.
¶ 2 The powers of a county as a body politic and corporate are exercised by the board of county commissioners. 19 O.S. 3
(1981). In general, public officers, such as county commissioners, possess only three kinds of powers:
 1. Express powers. Those powers expressly granted by law;
 2. Necessary powers. Such other powers as are necessary for the due and efficient exercise of the powers expressly granted; and
 3. Implied powers. Such powers as may be fairly implied from the statutory provisions creating the express powers.
Oklahoma Tax Commission v. Fortinberry Co., 207 P.2d 301 (Okla. 1949).
¶ 3 In Opinion No. 83-139 the Attorney General examined this rule of law in relation to the legality of a practice of the Department of Human Services wherein that agency made voluntary deductions from employees' salaries for payment to private charities such as the United Fund. The Attorney General opined that such an exercise of power was not expressly authorized, nor fairly nor necessarily implied from any statutory grants and, therefore, was not a lawfully authorized action. In the same vein, unless a statute can be found which expressly, necessarily or impliedly authorizes a county to offer county employees a "cafeteria plan," no such authority exists.
¶ 4 A county has the express power to employ and compensate employees. 19 O.S. 162 (1981); 19 O.S. 161(2) (1981). A county also has certain express power regarding providing county employees with retirement benefits and life, health and dental insurance benefits. Any county having a population of more than 300,000 is authorized to provide for a retirement fund and system for county employees. 19 O.S. 951 (1981). Furthermore, any county having a population of less than 400,000 is required to become a participating employer in the Oklahoma Public Employees Retirement System ("OPERS"). 74 O.S. 910(1) (1988). Any county participating in OPERS may obtain for county employees the benefits of the State and Education Employees Group Health and Life Insurance plans, and dental insurance. Title 74 O.S. 1315
(1988).
¶ 5 From these express powers to employ, compensate and provide retirement, life, health and dental benefits to county employees, it can be fairly implied that any county also has the power to offer its employees other benefits as well in order to attract and retain qualified employees. Since a county has the power to offer its employees both cash in the form of wages or salary, and other benefits, a county could offer its employees a "cafeteria plan" under which the employees may choose among benefits consisting of cash and qualified benefits.
¶ 6 The board of county commissioners of any county contemplating offering its employees such a "cafeteria plan" should consult its tax advisors for advice as to whether the benefits it intends to offer are "qualified benefits" under section 125 of the Internal Revenue Code. See 26 U.S.C.A. 125(f) for the definition of "qualified benefits."
¶ 7 A county's ability to offer a "cafeteria plan" may be limited by restrictions associated with benefits already offered. For example, an election to participate in OPERS is final and irrevocable and any county now or hereafter participating in OPERS may not withdraw. 74 O.S. 910(1) (1988). Furthermore, a county may no longer institute any retirement system other than as provided by OPERS, except supplemental retirement plans expressly provided for by law. 74 O.S. 910(4) (1988). As a result, no county may offer retirement benefits as part of a "cafeteria plan," except that a county could offer a supplemental retirement plan as a benefit under a "cafeteria plan" if such supplemental retirement plan is expressly provided for by law.
¶ 8 Also, if a county obtains for its employees the benefits of the State and Education Employees Group Health and Life Insurance Plans (see 74 O.S. 1315 (1988) quoted supra), such county's ability to offer a cafeteria plan including health, life or dental insurance may be limited by the provisions of the rules of the State and Education Employees Group Insurance Board.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that, by virtue of the provisions of 19 O.S. 162(1981), any county has the express power to employ andcompensate county employees, and, therefore, any county has theimplied power to offer its employees a "cafeteria plan" withinthe meaning of section 125 of the United States Internal RevenueCode under which an employee may choose among benefits consistingof cash and qualified benefits.
Provided that, by virtue of the provisions of 74 O.S. 910(4)(1988), no county may offer retirement benefits under a"cafeteria plan" except supplemental retirement plans expresslyprovided for by law.
Provided further that, if a county has obtained for itsemployees the benefits of the State and Education Employees GroupHealth and Life Insurance Plans pursuant to 74 O.S. 1315(1988), such county's ability to offer health, life or dentalinsurance benefits as part of a "cafeteria plan" may be limitedby the rules of the State and Education Employees Group InsuranceBoard.
The board of county commissioners of any county contemplatingoffering to its employees a "cafeteria plan" should consult withits tax advisors for advice as to whether the benefits it intendsto offer are "qualified benefits" for purposes of section 125 ofthe United States Internal Revenue Code.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL